David Aaron TENENBAUM; Madeline
Gail Tenenbaum, Plaintiffs–
Appellants,

v.

John SIMONINI, Lt. Col.; Albert D.
Snyder; Mark P. Yourchock; Robert
M. Riley, Individually and in their
Representative Capacities as Employ-
ees for the Various Federal Agencies
that Employ Them; and the United
States of America, Defendants–Appel-
lees.

No. 02–2297.

United States Court of Appeals,
Sixth Circuit.

May 19, 2004.

Mayer Morganroth, Jeffrey B. Morgan-
roth, Daniel E. Harold, Jason R. Hirsch,
Morganroth & Morganroth, Southfield,
MI, for Plaintiffs–Appellants.

William L. Woodard, U.S. Attorney's Of-
fice, Peter A. Caplan, Asst. U.S. Attorney,
Detroit, MI, for Defendants–Appellees.

Before BATCHELDER, GIBBONS,
and COOK, Circuit Judges.

COOK, Circuit Judge.

Plaintiffs–Appellants David Tenenbaum
and his wife sued various federal agency
employees and the United States, alleging
that Defendants conducted a criminal espi-
onage investigation of Tenenbaum solely
because he is Jewish. The district court
granted Defendants' summary judgment
motion, accepting their argument that they
could not defend themselves against Ten-
enbaum's claims without disclosing infor-
mation protected by the state secrets doc-
trine. The Tenenbaums challenge the
summary judgment ruling, contending that
(1) disclosure of the privileged material is
not critical to defending against their reli-
gious discrimination case, and (2) the dis-
trict court should have allowed the case to
proceed by employing evidentiary controls
to protect the privileged material. We
affirm.

We review the district court's grant of
summary judgment de novo, *Stephenson v.
Allstate Ins. Co.*, 328 F.3d 822, 826 (6th
Cir.2003), while according the govern-
ment's assertion of the state secrets doc-
trine considerable deference, *Ellsberg v.
Mitchell*, 709 F.2d 51, 58 (D.C.Cir.1983).

Having reviewed the materials Defen-
dants produced under seal, we agree with
the district court that the state secrets
doctrine applies because a reasonable dan-
ger exists that disclosing the information
in court proceedings would harm national
security interests, or would impair national
defense capabilities, disclose intelligence-
gathering methods or capabilities, or dis-
rupt diplomatic relations with foreign gov-
ernments. *Ellsberg*, 709 F.2d at 56–57;
*United States v. Reynolds*, 345 U.S. 1, 10,
73 S.Ct. 528, 97 L.Ed. 727 (1953) (holding
that courts may accept the government's
assertion of the state secrets privilege if
they are satisfied that there is a "reason-
able danger" that disclosing the evidence
will expose information that "in the inter-
est of national security, should not be di-
vulged.").

We further conclude that Defendants
cannot defend their conduct with respect
to Tenenbaum without revealing the privi-
leged information. Because the state se-
crets doctrine thus deprives Defendants of
a valid defense to the Tenenbaums' claims,

we find that the district court properly dismissed the claims. *Kasza v. Browner,* 133 F.3d 1159, 1166 (9th Cir.1998) ("[I]f the privilege deprives the defendant of information that would otherwise give the defendant a valid defense to the claim, then the court may grant summary judgment to the defendant." (citation and internal quotation marks omitted)); *see also Totten v. United States,* 92 U.S. 105, 107, 23 L.Ed. 605 (1875) ("[P]ublic policy forbids the maintenance of any suit in a court of justice, the trial of which would inevitably lead to the disclosure of matters which the law itself regards as confidential, and respecting which it will not allow the confidence to be violated."); *Weston v. Lock-heed Missiles & Space, Co.,* 881 F.2d 814, 816 (9th Cir.1989) (recognizing that the state secrets doctrine alone can be the basis for dismissal of an entire case); *Molerio v. FBI,* 749 F.2d 815, 825 (D.C.Cir. 1984) (stating that if the state secrets privilege so hampers the defendant in establishing a valid defense that the trier of fact is likely to reach an erroneous conclusion, dismissal is appropriate).

We therefore affirm the district court's grant of summary judgment in favor of Defendants.